## Mercer Gas Light & Fuel Co. v. Stiger

*John V. Wherry*, for plaintiff.

*John Q. Stranahan*, for substituted defendant.

*Sampson & Sampson* and *John R. Boland, Jr.*, for additional defendants.

RODGERS, P. J., January 2, 1959.—This matter comes before this court on preliminary objections in the nature of a motion to strike the writ of joinder of the First National Bank of Mercer, Pennsylvania, and The Cunneen Company, hereinafter called the bank and Cunneen, as additional defendants, and the complaints filed after the permission to join was granted.

Plaintiffs filed their complaint in trespass against Paul J. Stiger on October 24, 1956, and services was made on defendant on October 24, 1956.

An appearance for said defendant was entered by the law firm of Wiesen, Cusick, Madden et al., on December 21, 1956, and this firm has represented the interests of Paul J. Stiger and later the interest of the substituted defendant, Thelma M. Stiger, his administratrix c. t. a., up to the present time. Upon petition of the attorneys for Paul J. Stiger, this court extended the time for the original defendant to bring in additional defendants until February 20, 1957.

The original defendant, on January 19, 1957, filed an answer to the complaint in trespass and by praecipe dated February 18, 1957, and filed February 20, 1957, directed the issuance of a writ to join three additional defendants on the record. By praecipe filed August 8, 1958, the death of Paul J. Stiger, the original defendant on April 22, 1958, was suggested and Thelma M. Stiger, administratrix c. t. a. of his estate, was substituted in his stead in this action. The substituted defendant by petition filed August 14, 1958, asked for permission to join the bank and Cunneen as additional defendants in the action and the court by order dated August 14, 1958, granted leave to the substituted defendant to so join the bank and Cunneen as additional defendants.

The petition for leave of the court to further extend the time to bring in the bank and Cunneen does not reveal the fact of the prior extension of the time to join additional defendants or that three additional defendants were added within the time extension first granted.

The substituted defendant on August 21, 1958, filed a praecipe for writ to join the bank and Cunneen as additional defendants and filed her complaint in trespass against them on that date, copies of which were served on Cunneen and on the bank. The bank and Cunneen, on September 22, 1958, filed a preliminary objection in the nature of motions to strike the complaints and writs of joinder as additional defendants. Answer was filed and the matter was argued to the court.

The bank and Cunneen contend that joinder of an additional defendant more than 60 days after service upon a defendant of a complaint requires consent of court upon cause shown under Pa. R. C. P. 2253, and that this court granted such a writ without cause being

shown. Actually, the order granting permission to join was entered 20 months after the complaint had been filed. It is also true that the order was granted without any notice to the parties in interest and it is now clear to this court that we should have entered into a more careful consideration of the implications of our order before granting it ex parte. We therefore feel that we may review that order unless it can be shown that by entering the order we have misled defendant or otherwise prejudiced him. Seeing no such prejudice, we will consider the matter as though we were hearing it on a rule to show cause why the joinder should not be permitted.

The bank and Cunneen contend that no cause was shown on which the court could base an exception to the 60-day rule. They contend further that they will be affirmatively prejudiced by being brought on the record 20 months after the filing of the original complaint because they have now lost many of the opportunities which were earlier available to prepare their defense. This is certainly true for during the 20 months in question various depositions have been taken and interrogatories filed and answered without them having any opportunity to cross-examine or object.

It must also be remembered that the 20 months which elapsed after the filing of the original complaint encompassed the date of the death of the original defendant, Paul Stiger, and that this case grows out of a construction contract for a new bank building in which the original defendant, Stiger, was the general contractor and active supervisor of the project. His death has resulted in the loss of considerable first-hand information which will now never be available to the bank. If the writ to join had been timely filed, the bank and Cunneen could have taken his deposition and, perhaps, obtained information relieving them of respon-

sibility. In any case, they certainly had the right to the opportunity to inquire.

The cause suggested by the substituted defendant as grounds for permitting the joinder included a suggestion that there may be a conflict of interest insofar as the original counsel for the original defendant is concerned, in that such counsel represents an insurance carrier for the original defendant who has indicated that it may disclaim liability under its policy. Certainly, if such a conflict of interest existed, it existed prior to the death of the original defendant and we cannot assume that counsel failed to inform the original defendant of such a possible conflict. The substituted defendant also suggests that the substituted defendant in her fiduciary capacity has certain obligations in addition to those of the original defendant but we cannot conceive that these obligations could be such as would prejudice the rights of the bank and Cunneen in this controversy.

Counsel for the substituted defendant also strongly contends that this court should permit this joinder in order to settle the entire controversy in one action, contending that if his client loses in this action, that they will simply bring another action against the bank and Cunneen. We certainly favor the policy of avoiding a multiplicity of suits but not to the extent of ignoring the plain mandate of the rules or of imposing an injustice on a litigant.

We will grant the prayer set out in the preliminary objections and we will grant the motion to strike the complaints and writs, basically because we believe that the long delay in joining these parties has substantially denied them the right to prepare their defense. This is especially true in view of the fact that the delay on the part of the original defendant, which must be assumed by the substituted defendant, has denied the bank and Cunneen the right to the testimony of Paul J. Stiger.

*Order*

And now, January 2, 1959, the motion to strike the writ of joinder of the Cunneen Company and the First National Bank of Mercer, Pennsylvania, and the complaint against the First National Bank of Mercer, Pennsylvania, and The Cunneen Company is granted.